UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SEAN WHEELER,      )<br>    Plaintiff,      )<br>                          )<br>  vs.                     )<br>                          )<br>Dr. THOMAS BAKER and      )<br>WEXFORD HEALTH SOURCES,   )<br>    Defendants    )  | Case No. 22-3259 |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff has identified two Defendants: Dr. Thomas Baker and Wexford Health Sources. Plaintiff says on August 11, 2022, he fell when a piece of asphalt on the walkway at Jacksonville Correctional Center gave way as he was walking. Plaintiff says he received several injuries including a "dislocated and fractured left hand pinky finger, fractured right tooth, sprained ankle right leg, and injured right knee." (Comp., p. 5).

Plaintiff was taken to an orthopedic surgeon at an outside hospital on the same day. Plaintiff was given a metal finger brace to hold his finger in the correct position.

However, when he returned to Jacksonville, Plaintiff was told he could not have a metal brace.

Defendant Dr. Baker and Nurse Lisa discussed options with the Plaintiff and Nurse Lisa make a "makeshift case with brown tape and wooden tongue dispenser and white tape." (Comp., p. 5). Plaintiff said he thought the nurse should review an x-ray to make sure his finger was set in the correct position, but the nurse told him he was fine.

Plaintiff saw Defendant Dr. Baker again on August 24, 2022, and his finger was healing incorrectly due to the improper brace. The Doctor ordered the nursing staff to rewrap Plaintiff's finger, but a nurse told Plaintiff she "was not doing that!" (Comp., p. 6). Plaintiff was sent back to his housing unit.

Plaintiff says he expected medical staff to call him back, but when he heard nothing, he requested sick call. When he still heard nothing, he submitted another request and was seen August 30, 2022. On this day, Nurse Hayes tried to rewrap his finger without any information about his injury. While not clearly stated, it appears Plaintiff's finger never healed correctly.

Plaintiff also states he suffers from diabetes and was prescribed specific shoes for his condition at another correctional center. However, Defendant Dr. Baker has refused to provide needed shoes and there are none available in the commissary. Plaintiff claims as a result, he suffers from painful callouses and Dr. Baker refuses to provide medical care.

Plaintiff has alleged Defendant Dr. Baker was deliberately indifferent to his serious medical condition when he refused or delayed providing a proper brace for

2

Plaintiff's finger.  Based on Plaintiff's allegations, he has also alleged nursing staff refused or delayed a proper brace or refused to follow the doctor's orders.  Therefore, the Court will add Nurse Lisa, Nurse Hayes, and Nurse Jane Doe who saw Plaintiff on August 24, 2022.   If Plaintiff does not wish to purse a claim against any of the nurses, he should state so in writing within 14 days of this order.

Plaintiff also claims Defendant Dr. Baker was deliberately indifferent to his diabetes when he refused to provide needed shoes.

Plaintiff has failed to articulate a claim against Wexford Health Sources.  Wexford cannot be held liable under 42 U.S.C. §1983 based only on the actions of its employees. *Shields v. Ill. Dep't. of Corr.,* 746 F.3d 782, 789 (7th Cir. 2014). Instead, a plaintiff can allege Wexford was responsible with "evidence that his injury was caused by a Wexford policy, custom, or practice of deliberate indifference to medical needs, or a series of bad acts that together raise the inference of such a policy." *Id.* at 796.  Plaintiff has not met this requirement and the Court will dismiss Defendant Wexford.

Plaintiff has also filed a Motion for Appointment of Counsel. [4]. Plaintiff has no constitutional right to the appointment of counsel.  In addition, the Court cannot require an attorney to accept pro bono appointment in a civil case.  The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff

appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).  In this case, Plaintiff has not demonstrated any attempt to find counsel on his own such as a list of attorneys contacted, or copies of letters sent or received. This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey*, 2021 WL 456002, at *8 (7th Cir. 2021); *citing Davis v. Moroney*, 857 F.3d 748, 753 (7th Cir. 2017). Therefore, Plaintiff's motion is denied.[4].

The Court notes once the Defendants are served and identified, a Scheduling Order will be entered with information to assist a pro se litigant.

Finally, Plaintiff is advised he must not send letters to the Court.  Instead, he may file a motion asking for specific relief, or he may file a response to a court order or motion filed by a defendant.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges: a) Defendant Dr. Baker, Nurse Lisa, Nurse Hayes, and Nurse Jane Doe who saw Plaintiff on August 24, 2022 were deliberately indifferent to Plaintiff's finger injury when they refused or delayed an appropriate brace for Plaintiff's finger, and b) Defendant Baker was deliberately indifferent to Plaintiff's diabetes when he refused to provide needed shoes.  The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the

Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendant Wexford for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Add Defendants Nurse Lisa, Nurse Hayes, and Nurse Jane Doe; 3) Deny Plaintiff's motion for appointment of counsel with leave to renew, [4];** 4) Attempt service on Defendants pursuant to the standard procedures; 5) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 6) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Entered this 29th day of March, 2023.

s/James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE